IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD VAUGHN,
    Plaintiff,

v.                                          3:12cv410/MCR/CJK

21st CENTURY SECURITY INSURANCE
COMPANY, f/k/a NEW HAMPSHIRE
INDEMNITY COMPANY, INC.
    Defendant.
_____

ORDER
and
REPORT AND RECOMMENDATION

      This matter has been referred to the undersigned magistrate judge for action on the defendant's Motion to Dismiss for Failure to State a Claim (doc. 6), the plaintiff's Motion for Remand (doc. 8), and Amended Motion for Remand (doc. 11). Upon consideration, the Motion for Remand will be denied. Further, the court respectfully recommends that the Motion to Dismiss be granted as to Counts II, III, IV and V of the complaint (doc. 1-1), and denied as to Count I.

Procedural and Factual Background

      Plaintiff, Gerald Vaughn, unrepresented by counsel, brought a five count complaint in the Circuit Court of the First Judicial Circuit for Santa Rosa County, Florida. Count I asserts a claim for uninsured motorist benefits based upon an

insurance policy issued by the defendant. Counts II, III, IV, and V, although titled as various legal theories, each advance the contention that the defendant is guilty of bad faith practices in handling plaintiff's claim.

Upon service of the complaint, the defendant, 21st Century Security Insurance Company, f/k/a New Hampshire Indemnity Company, Inc. ("21st Century"), removed this matter to the United States District Court for the Northern District of Florida. (Doc. 1). 21st Century based its removal upon 28 U.S.C. § 1332(a)(1) which provides the district courts original jurisdiction of all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. This is commonly known as diversity jurisdiction. Having removed the matter to the district court, 21st Century promptly filed a Motion to Dismiss each of the counts of the complaint. (Doc. 6). I then entered an order providing that Mr. Vaughn would have fourteen days to respond to the Motion to Dismiss. (Doc. 7). Instead of responding to the Motion to Dismiss, Mr. Vaughn filed a Motion for Remand and Motion for Enlargement of Time. (Doc. 8). Recognizing that Mr. Vaughn is representing himself, I entered an order extending Mr. Vaughn's time to respond to the pending Motion to Dismiss, and advising the parties that after the expiration of that time, I would take under advisement both the Motion to Dismiss and the Motion for Remand. Again, Mr. Vaughn did not respond to the Motion to Dismiss, but instead filed a document entitled "Amended Motion for Remand." (Doc. 11). 21st Century has filed memoranda in support of its Motion to Dismiss and in opposition to the motions for remand.

According to the complaint, this case arises out of a motor vehicle accident that occurred on August 9, 2007 in Dallas, Texas. (Doc. 1-1, ¶ 4). At that time, plaintiff was operating a Ford pickup truck owned by his fiancé, Erika Hess. (Doc. 1-1, ¶ 4). Plaintiff Vaughn avers that he was a named insured on a policy of insurance issued by defendant to Ms. Hess, which covered the Ford pickup truck. The complaint further alleges that plaintiff suffered injuries when a third-party tortfeasor, Rebecca Lail, operated her vehicle in a negligent fashion so that it collided with the Ford pickup truck. (Doc. 1-1, ¶ 6). Plaintiff makes a claim for uninsured motorist benefits, alleging that Lail was an uninsured or under insured motorist at the time of the accident, either by reason of not having any liability insurance or by failing to maintain liability insurance in a sufficient amount to cover Mr. Vaughn's injuries. Mr. Vaughn claims that as a result of the Texas motor vehicle accident, he "suffered bodily injury and resulting pain and suffering, aggravation of pre-existing conditions, loss of earning capacity, disability, disfigurement, mental anguish, loss of capacity of enjoyment of life, extensive medical care and treatment and costs associated therewith. These losses are either permanent or continuing in nature and PLAINTIFF will suffer these losses and impairments in the future." (Doc. 1-1, ¶ 12). Significantly for this case, Mr. Vaughn goes on to claim, "said damages far exceed the policy limits of the uninsured motorist policy afforded by the defendant in this matter." (Doc. 1-1, ¶ 12).

## Analysis

The Amended Motion for Remand advances essentially two points. First, Mr. Vaughn asserts that the case should be remanded to state court because the $75,000 jurisdictional threshold has not yet been proven. (Doc. 11, ¶ 3). In support of this,

Mr. Vaughn argues that "it is not known whether the 'matter in controversy exceeds the sum or value of $75,000,'" because he has not yet had a trial on the uninsured motorist claim.  (Doc. 11, ¶ 3).  Mr. Vaughn also asserts, albeit in a conclusory fashion, that diversity of citizenship is defeated in this case because the uninsured motorist claim is a "direct action against an insurance company."  (Doc. 11, ¶ 3).  Importantly, for analysis of 21st Century's Motion to Dismiss, Mr. Vaughn concedes that his bad faith claims "were premature."  (Doc. 11, ¶ 2).

For purposes of 28 U.S.C. § 1332(a), the court determines the amount in controversy as of the time of removal.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  Even assuming plaintiff might somehow alter his claim to lower the amount in controversy, we have no indication that Mr. Vaughn will seek to amend his complaint to reduce the amount in controversy below the $75,000 threshold.  Indeed, he has asked for additional time to amend, but the context of his motion (doc. 8), makes it clear that the amendment he has in mind would simply drop the bad faith claims, and he would proceed with the uninsured motorist claim.  He gives no indication that he wants to limit his right to damages.  Clearly, in the face of his emphatic claims of bad faith, which will not be detailed here, but can be gleaned from the complaint, a reasonable person would not think that Mr. Vaughn has any intention of seeking a judgment in an amount less than the policy limits provided by the uninsured motorist policy issued by 21st Century.

When faced with a motion for remand addressing the amount in controversy, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.  Neither is the removing defendant required to "research, state and prove the plaintiff's claim for

damages" against itself. *Gafford v. General Electric Company*, 997 F.2d 150, 159, (6th Cir. 1993), *abrogated on other grounds by Hertz Corp., v. Friend*, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Instead, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In determining whether the amount in controversy has been demonstrated by a preponderance of the evidence, the court may consider subjective evidence including "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 754. The court may also use its "judicial experience and common sense" in determining whether a case meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Here, the inquiry all but conclusively leads to a determination that the plaintiff has sought an amount higher than the jurisdictional threshold. Specifically, in the complaint, which has never been abandoned or amended, plaintiff claims that his damages "far exceed the policy limits of the uninsured motorist policy provided by the defendant in this matter." (Doc. 1-1, ¶ 12). As an attachment to its Memorandum in Opposition to Plaintiff's Motion to Remand, 21st Century has provided a copy of the automobile insurance policy issued to Erika Hess. This policy provides uninsured motorist limits of $300,000. (Doc. 10-1, p. 2). Mr. Vaughn's enthusiasm in asserting his bad faith claims would more than suggest that he himself believes his damages exceed the policy limits.

Moreover, Mr. Vaughn's claim in his motion that the case must first be tried in state court in order to determine the amount in controversy is clearly in conflict with the controlling law. As stated above, the jurisdictional threshold under 28 U.S. C. § 1332(a) is determined as of the time the complaint was filed. A verdict, or a

precise determination of damages need not have been accomplished, and a case can be removed, even though ultimately the plaintiff might recover no damages at all.

Mr. Vaughn's claim that the present case is a direct action against an insurance company must likewise fail. "A true 'direct action' suit is '[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 n.2 (2009) (*quoting* Black's Law Dictionary 491 (8th Ed. 2004)). In the Eleventh Circuit, "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985). Accordingly, the direct action exception to diversity jurisdiction does not apply to an insured's suit under a no-fault insurance contract against the plaintiff's own insurer. *See Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1576-77 (11th Cir. 1985). As this very court has noted, under *Fortson* and *Bowers*, an action "for uninsured motorist coverage is not a 'direct action . . . .'" *McAndrew v. Nolan*, No. 3:08cv294, 2009 WL 259735, at *3 (N.D. Fla. Feb. 4, 2009). Plaintiff's complaint alleges that 21st Century is a foreign corporation. (Doc. 1-1, ¶ 3). The uncontradicted response filed by 21st Century affirms that it is a Delaware corporation. (Doc. 10, p. 2). Diversity has been demonstrated in this case. The Motion for Remand will be denied.

21st Century has also moved to dismiss the Complaint. (Doc. 6). In light of developments in this case, the Motion to Dismiss presents no difficult questions. As to Count I, the uninsured motorist claim, 21st Century says that because Mr. Vaughn has failed to attach a copy of the insurance policy to the complaint, that claim must be dismissed. 21st Century relies upon Florida procedural law, specifically Rule

1.130 of the Florida Rules of Civil Procedure, for its claim that a copy of the contract upon which the action is based must be included in the complaint.  Assuming that the same rule would apply in federal court, any deficiency has been cured by 21st Century's attachment of a certified copy of the insurance contract to its Memorandum in Opposition to the Motion to Remand.  (Doc. 10-1).  The attached facsimile insurance contract lists Erika Hess as the named insured and identifies a Ford pickup truck, seemingly the same as that mentioned in the complaint, as the insured vehicle.  (Doc. 10-1, pp. 2-3).  Also, the policy attached indicates that 21st Century (through its subsidiary AIG Agency Auto) affords uninsured motorist coverage in the amount of $300,000 per person.  (Doc. 10-2, p. 2).  Any possible problems that might have arisen by virtue of Mr. Vaughn's failure to attach the insurance policy have been resolved.  Significantly, 21st Century does not deny the existence of the contract, nor assert that it does not afford coverage under the contract.  *See Stein v. Cigna Ins. Co.*, 744 So. 2d 462, 462-465 (Fla. 4th DCA 1997) (observing in a post-judgment appeal in a case where insured *never* attached the contract, "the record does disclose that appellees did not expressly deny liability on the grounds of a policy defense or assert that they did not insure appellant.").  Accordingly, as to Count I, the Motion to Dismiss should be denied, and defendant 21st Century should be required to plead responsively.

As indicated above, Counts II-V each make claims in the nature of bad faith in the handling of Mr. Vaughn's claim against defendant.  Under Florida law, the underlying action for insurance benefits against the insurer must be resolved favorably to the insured before the cause of action for bad faith ripens.  *See Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991).  Mr. Vaughn does not really dispute this, and in both his Motion for Remand and

Amended Motion for Remand he notes that "the claims for bad faith, fraudulent misrepresentation and tortious breach of contract, were premature."  (Doc. 8, ¶ 2; Doc. 11, ¶ 2).  My review of the wording of these counts persuades me beyond any serious question that these are in fact claims for bad faith.  Accordingly, Counts II-V should be dismissed, with another brief word in regard to Count II.

Mr. Vaughn virtually concedes that Count II, although entitled "Fraudulent Misrepresentation" is due to be dismissed as premature.  I agree.  I also agree with defendant's analysis that Count II does not, in any event, state a cause of action for fraudulent misrepresentation for the reasons stated in the defendant's memorandum (Doc. 6-1, p. 4-5).  *See generally Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (identifying elements of fraudulent misrepresentation under Florida law).  Although the complaint alleges that defendant "made numerous false representations and/or statements" in its handling of this uninsured motorist claim, the context of the allegation makes clear that plaintiff's dissatisfaction arises from defendant's failure to settle the claim, as opposed to any damages stemming from plaintiff's reliance upon any such statements, as would be necessary for a true claim of fraud.  (Doc. 1-1, ¶ 14).  Moreover, and although not necessary to this decision, I would note that the allegations in this count do not adequately set forth any false statements concerning a material fact, nor any intention by defendant that plaintiff would rely upon these statements.  The allegation of mistakes in the handling of the claim, even if true, would not seem to fit very well as part of a cause of action for fraud, although these same allegations might be part of an as yet unripe claim for bad faith.  This court, of course, expresses no opinion in that regard.  In any event, Count II of the complaint should also be dismissed.

Accordingly, it ORDERED that:

Plaintiff's Motion for Remand and Amended Motion for Remand (Docs. 8 & 11) are DENIED.

It is further RESPECTFULLY RECOMMENDED that:

Defendant's Motion to Dismiss (doc. 6) be GRANTED as to Counts II, III, IV and V of the Complaint. The Motion to Dismiss should be DENIED as to Count I of the Complaint, and defendant 21st Century should be required to plead responsively to Count I.

At Pensacola, Florida this 16th day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).