IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD VAUGHN,
    Plaintiff,

vs.                                                 3:12cv410/MCR/CJK

21ST CENTURY SECURITY
INSURANCE COMPANY,
    Defendant.

___

## **REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned for a report and recommendation on plaintiff Gerald Vaughn's Motion to Amend Complaint (doc. 16). Fundamental to federal procedural guidelines is the maxim that leave to amend in the absence of factors such as undue delay, bad faith, or dilatory motive, should be freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). After careful consideration, I have determined that this is a case that fits the exception for liberal amendment, and accordingly, the motion should be denied.

The procedural background of this matter has been set out in an earlier report and recommendation, in which the undersigned recommended that Counts II, III, IV and V of Mr. Vaughn's original complaint be dismissed, and that the matter not be remanded back to the Santa Rosa County Circuit Court.[1] While the report and recommendation was pending before the district court, however, plaintiff filed a

___

[1] I erroneously treated the motion for remand by an order, which the District Court corrected by treating the same as a part of the report and recommendation, denying remand (doc. 18).

motion to amend the complaint (doc. 16). The district court initially granted that motion (doc. 18), but subsequently vacated that order and allowed the defendant, 21st Century Security Insurance Company (21st Century), to file a response to the motion (doc. 20). That response has now been filed (doc. 21) and plaintiff has, although without leave of court, filed a response (doc. 22), which I will construe as a reply, and in the interest of justice, will consider.[2]

*The Nature of the Proposed Amended Complaint*

Mr. Vaughn has provided his proposed amended complaint alleging breach of contract against defendant 21st Century.[3] The proposed amendment adds a count against Erika Hess, a Florida resident, and the owner and named insured as to the vehicle Mr. Vaughn was operating at the time of the injuries. Mr. Vaughn makes several allegations in the count against Ms. Hess that are pertinent to the present analysis. First, Vaughn alleges that defendant Hess authorized and directed the plaintiff to operate the subject vehicle, and implicitly and expressly provided to plaintiff "a warranty by defendant Hess . . . that should any harm, damages or injuries come to plaintiff, defendant Hess, either directly or through her insurer would be responsible to compensate plaintiff fully and completely for any such harm, damages or injuries." (Doc. 17, p. 8). Plaintiff Vaughn also avers in clear terms that at the time of the accident he was operating the vehicle "lawfully, safely, and correctly, and therefore, was not at fault for the crash incident." (Doc. 17, p. 8). Plaintiff further claims that he was injured as a direct and proximate result of the automobile accident

---

[2]Under the local rules of this district, no reply memorandum may be filed absent a showing of good cause, and upon leave of court. *See* N.D. Fla. Loc. R. 7.1(C)(2).

[3]This count appears to allege a claim for uninsured motorist coverage, and perhaps anticipates a claim for bad faith, because plaintiff avers that his damages exceed 21st Century's policy limits of $300,000. (Doc. 17, p. 5).

involving the subject vehicle owned by the defendant Hess and by that reason Hess owes "a duty to compensate the plaintiff fully . . . ." (Doc. 17, p. 9). No allegation appears as to any fault attributable to Ms. Hess.

The context of the claim, thus, makes clear that at the time and place of Mr. Vaughn's alleged injuries, which occurred on August 9, 2007, in the state of Texas, Ms. Hess owned the automobile that plaintiff was driving. Further, Ms. Hess was insured by an uninsured motorist policy by 21st Century. The nature of the amendment plaintiff seeks is to add Hess as a party defendant. Plaintiff has himself admitted that he has now included Erika Hess as an additional defendant in order to "automatically (destroy) diversity" and again seek remand to the state court. (Doc. 21-1).

*Analysis of the Motion to Amend*

Although amendment should be freely allowed, "leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Under *Foman*, "a district court may properly deny leave to amend the complaint under [Federal Rules of Civil Procedure] Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1262-1263 (11th Cir. 2004) (citations omitted). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

Advancing these rules, 21st Century argues that the amendment, as proposed, would be futile. In support, 21st Century asserts that no cause of action may be stated against Ms. Hess, and that, in any event, the action would be time-barred. I note specifically, as I did above, that I have allowed Mr. Vaughn to reply to the

defendant's memorandum in opposition. In that reply, Mr. Vaughn does not expressly or implicitly negate the allegations of the memorandum in opposition; nor does he set out any matters in avoidance of the statute of limitations argument advanced by defendant. Instead, plaintiff accuses 21st Century and its lawyer of perjury, asks for sanctions against 21st Century, and asks for entry of summary judgment against 21st Century. (Doc. 22).

Turning then to 21st Century's memorandum in opposition, I will take up first the claim that no cause of action has been alleged. Before reaching the merits, however, some comment as to potential choice of law issues appears warranted.

As correctly stated by 21st Century, a breach of warranty claim under Florida law must allege: (1) facts in respect to the sale of goods; (2) type of warranty created; (3) facts in respect to the creation of that particular type of warranty; (4) facts of the breach of warranty; (5) notice to seller of breach; and (6) injuries sustained by the buyer as a result of the breach of warranty. *See Dunham-Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977).

According to the face of the amended complaint, all acts leading to plaintiff's alleged injury took place in the state of Texas. Defendant has not, however, considered the choice of laws issue, and argues only Florida law. A federal court, sitting in diversity, must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). As to tort claims, Florida courts apply the "most significant relationship" test as set forth in section 145 of the Restatement (Second) of Conflict of Laws. *See Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980). This court cannot make a final determination as to choice of substantive law, even though the plaintiff's allegations very much suggest that such law may be that of Texas. Caution dictates consideration of both Texas and

Florida law. Such consideration is particularly appropriate in this instance, given the narrow exception to the rule allowing liberal amendment.

Texas applies elements similar to the elements recognized by Florida law for a claim of breach of warranty:

> "The elements of a claim for breach of warranty for services are: (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury."

*Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 767 (Tex. App. 2011).

Analyzed under either standard, plaintiff Vaughn's amended complaint could not state a cause of action against Ms. Hess. Obviously, there is no sale of either goods or services. Moreover, there are no allegations of fact which would show a specific representation sufficient to create any type of warranty. Also, assuming that Texas law applies, Mr. Vaughn has failed to make any allegation that the supposed warranty became the basis of any bargain he had with Ms. Hess. Stated simply, and with reference to the proposed amended complaint itself, plaintiff was an authorized driver at the time of the accident, with Ms. Hess as a passenger. The accident occurred when another vehicle, that being operated by Rebecca Lail, negligently caused a collision with the vehicle then driven by plaintiff and owned by Ms. Hess. Accordingly, the claim sets out no conceivable cause of action for breach of warranty. Mr. Vaughn has not responded to the merits of defendant's memorandum on this issue, nor has he proposed a cure for the deficiency in setting out a viable cause of action against Ms. Hess. Accordingly, this court must assume that the pleading is as he intended it to be.

Even assuming that Mr. Vaughn is trying to set out some cause of action for vicarious liability of the owner in tort, although not pled, such would be to no avail. As is well known, Florida recognizes the dangerous instrumentality doctrine, which has been characterized as a unique contribution of the Florida judiciary to the common law of this state. *See Kramer v. General Motors Acceptance Corp.*, 572 So. 2d 1363 (Fla. 1990). Under the dangerous instrumentality doctrine, liability may, in some instances, be imposed upon the owner of an automobile, even when that owner had no involvement in the operation of the automobile. Nevertheless, the scope of responsibility of the owner of an automobile extends only to damages suffered by a third person as a result of the negligent operation of the automobile while being driven with the owner's knowledge or consent. *See Southern Cotton Oil Co. v. Anderson,* 86 So. 629 (Fla. 1920). The limitation of the rule to third parties is quite clear in Florida law. "[T]he driver of an automobile which was entrusted to him by its owner cannot hold the owner liable for injuries sustained by the driver arising from his own negligent operation of the automobile." *Fla. Power and Light Co. v. Price*, 170 So. 2d 293, 298 (Fla. 1964); *see also Devlin v. Fla. Rent-A-Car, Inc.*, 454 So. 2d 787, 789 (Fla. 5th DCA 1984)("It is well recognized that an owner of an automobile is not liable under the dangerous instrumentality doctrine for injuries sustained by the driver of the automobile to whom he entrusted it because of the driver's negligent operation of it.")

For the sake of completeness, I would note that Texas law does not recognize the dangerous instrumentality doctrine. In Texas, "in each instance (of liability imposed upon the owner), the owner's liability is based upon his own negligence in entrusting a dangerous instrumentality to another or in entrusting the automobile even though it be in good repair, to a known incompetent, thereby creating an instrument

of danger." *Russell Const. Co. v. Ponder*, 186 S.W.2d 233, 235 (Tex. 1945). Texas follows the doctrine of negligent entrustment, which looks to the owner's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into the driver's control with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver. *See Mundey v. Pirie-Slaughter Motor Co.*, 206 S.W.2d 587 (Tex. 1948). In order for any recovery against the driver, which is limited to a third person, the injured party must show a "causal connection . . . between the negligence of the owner in lending him the automobile and any damage to the third person." *Id*. at 591.

Taking all of plaintiff's allegations of fact not only as true, but construing the same in a light most favorable to plaintiff, no cause of action can be stated against Ms. Hess.

21st Century next argues that, even assuming a viable cause of action, any applicable statute of limitations period has expired. 21st Century points out that the Florida statute of limitations for breach of warranty claim is five years, citing Florida Statute § 95.11(2)(b).[4] The allegations of the complaint show that the subject accident occurred August 9, 2007, more than five years before the proposed amendment. Moreover, plaintiff's own affirmative allegations, as set out in his reply to the defendant's memorandum, show that he was, at all times following the accident, aware of any potential claim he might have against Ms. Hess. Plaintiff

---

[4]The Florida statute of limitations generally applicable to non-malpractice claims based upon negligence is four years. FLA. STAT. § 95.11(3)(a) (2007). Florida law is also clear that "(g)enerally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute (of limitations) begins to run from the time the injury was first inflicted and not from the time the full extent of the damages sustained has been ascertained." *Seaboard Air Line R.R. Co. v. Ford*, 92 So. 2d 160, 164 (Fla. 1957). Because use of the warranty statute allows a longer limitations period, the court need not separately consider the negligence limitations period.

shows that on November 23, 2009, he sent a letter to Ms. Hess advising her of the potential for a lawsuit for damages plaintiff incurred on August 9, 2007. (Doc. 22-1). Plaintiff also shows that he knew how to locate Ms. Hess, because he sent the aforementioned letter by certified mail, return receipt requested, to Ms. Hess at her Milton, Florida address. (Doc. 22-1). In the face of 21st Century's claim concerning the statute of limitations, plaintiff has set out nothing in avoidance.

Although the statute of limitations is viewed generally as an affirmative defense, a court may reach the question in advance of a responsive pleading, where the allegations of the complaint itself show beyond question that the statute has expired. *See Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir. 2005) (noting that dismissal on statute of limitations grounds is appropriate only where it is apparent from the face of the complaint that a claim is time-barred); *see also Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (stating a district court "may dismiss a complaint on a [Federal Rules of Civil Procedure] Rule 12(b)(6) motion 'when the allegations of the complaint indicate the existence of an affirmative defense and the defense clearly appears on the face of the complaint.'") (*citing Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).

Again, I note that, in the face of the defendant's opposition here, Mr. Vaughn has set out no facts so as to raise a question about the running of the statute of limitations. Moreover, plaintiff has himself provided the court with documentation that he was aware both of the accrual of any purported cause of action, and was aware of how to get in touch with and serve Ms. Hess, at a time before the statute of limitations expired.

Again, and in an abundance of caution, I have examined the application of both Florida and Texas law. Florida applies the significant relationships test in order to

decide any conflict of law questions concerning the statute of limitations. *See Bates v. Cook, Inc.*, 509 So. 2d 1112, 1114 (Fla. 1987). Florida also has acknowledged by statute that where a cause of action arises out of state, and that state has laws preventing maintenance of the action because of lapse of time, no action may then be maintained in Florida. *See* FLA. STAT. § 95.10 (1985). Here, the complaint demonstrates that all acts necessary to any conceivable cause of action against Ms. Hess occurred in the state of Texas, at the time of, or shortly before, the subject accident. Texas law, however, appears to offer no aid to plaintiff, even in the absence of the aforementioned "borrowing" statute of limitations in Florida law. The Texas two year statute of limitations applies to actions arising from negligence as well as to those arising from breach of warranties. *See Thrift v. Tenneco Chemicals, Inc., Heyden Division*, 381 F. Supp. 543, 544 (N.D. Tex. 1974). Texas also observes a two year statute of limitations in any cause of action for personal injury. *See* V.T.C.A., Civil Practice & Remedies Code § 16.003 (2007). Even assuming that some sort of viable breach of warranty claim existed, the same would be nonetheless subject to a four year limitation period. *See* V.T.C.A., Civil Practice & Remedies Code § 16.004 (2007); *Kan. Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1369 (5th Cir. 1994). Texas law does provide for a residual limitations period for any cause of action for which there is no express limitations period set out otherwise, but that period is four years. *See* V.T.C.A., Civil Practice & Remedies Code § 16.05 (2007). Under no construction of Texas or Florida law, could a court find that the limitations period for a claim against Ms. Hess has not expired.

As a final contention, 21st Century argues that Mr. Vaughn's motion to amend his complaint to add Ms. Hess is a fraudulent joinder designed solely to defeat diversity jurisdiction following the district court's earlier denial of a motion to

remand. (Doc. 21). Here, Mr. Vaughn has very clearly set out, in communications with defendant, his desire to defeat diversity, and even more to the point, stated in an e-mail to defendant's lawyer dated November 8, 2012, that he was amending his complaint to include Erika Hess in order to destroy diversity and move the case back to Santa Rosa County. (Doc. 21-1).

In support of this argument, 21st Century relies upon *Triggs v. John Krump Toyota, Inc.,* 154 F.3d 1284 (11th Cir. 1998). According to *Triggs*, fraudulent joinder is a judicially created doctrine that may provide an exception to the requirement of complete diversity, a prerequisite for removal to federal court. 154 F.3d at 1287. The Eleventh Circuit has recognized fraudulent joinder in two situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," and (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. Here, the analysis of both the failure to state a claim upon which relief may be granted, and expiration of any applicable statute of limitation leads to a conclusion that Mr. Vaughn cannot prove a cause of action against Ms. Hess.

The rule in *Triggs*, however, is lenient to the party resisting removal. "'If there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id*. (*quoting Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). Again, and allowing Mr. Vaughn all benefit of the doubt, in accordance with the rule as stated in *Triggs* and *Coker*, plaintiff has failed to show any possibility that he can bring a valid cause of action in state court against Ms. Hess. Here, the circumstances of Mr. Vaughn's filing very strongly indicate that his sole purpose in adding Ms. Hess as a defendant

is to defeat this court's diversity jurisdiction. Moreover, the law as applied to the present circumstances has led the undersigned to recommend that no possibility remains that plaintiff can state a cause of action against Ms. Hess. Nevertheless, the undersigned declines to reach the question of fraudulent joinder.

Fraudulent joinder is properly raised where the defendant, having removed the action to federal court, is faced with a motion for remand. "When a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). When seeking the benefit of the two-part test for fraudulent joinder, the removing defendant "must make such showing by clear and convincing evidence." *Id*.

Certainly, a renewed motion to remand is not now before this court. Accordingly, and in an abundance of caution, in that plaintiff is unrepresented, the undersigned recommends that consideration of fraudulent removal need not occur at this stage of the proceeding.

*Conclusion*

Mr. Vaughn has brought a claim for uninsured motorist benefits against 21st Century. The viability of this claim has not yet been tested. His claim for damages against the party that can respond, 21st Century, survives. Nevertheless, based on the analysis above, the undersigned concludes that the present case is one of those rare instances where the amendment as proposed should not be allowed.

Accordingly, it is respectfully RECOMMENDED that plaintiff's Motion to Amend (doc. 16) be DENIED.

DONE AND ORDERED this 8th day of January, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).