## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### (Pensacola Division)

GERALD VAUGHN,

     Plaintiff,                        CASE NO.:     3:12-cv-00410-MCR-CJK

vs.

21st CENTURY SECURITY
INSURANCE CO. f/k/a NEW
HAMPSHIRE INDEMNITY CO., INC.

     Defendant.

_____/

**DEFENDANT'S MOTION FOR ORDER COMPELLING INTERROGATORY RESPONSES FROM PLAINTIFF, ENLARGING TIME TO COMPLETE DISCOVERY, AND APPOINTING A MEDIATOR**

Defendant, 21ST CENTURY SECURITY INSURANCE CO. f/k/a NEW HAMPSHIRE INDEMNITY CO., INC. (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, respectfully requests this Court enter an Order compelling Plaintiff, GERALD VAUGHN, to provide complete responses to Defendant's Initial Interrogatories to Plaintiff within five (5) days, enlarging the time for the parties to complete discovery to thirty (30) days from Defendant's receipt of Plaintiff's interrogatory responses, appointing a mediator to conduct mediation at a mutually convenient time and place, confirming Plaintiff's responsibility for half of the mediation fees, and awarding Defendant its reasonable attorney fees in bringing this motion, and, as grounds therefore, would state as follows:

1.      On June 14, 2013, Defendant propounded Defendant's Initial Interrogatories to Plaintiff, a copy of which is attached hereto as Exhibit "A."

2.      Pursuant to Rule 33, Federal Rules of Civil Procedure, verified answers and any objections thereto were due Defendant from Plaintiff on or before July 15, 2013.

3.      Plaintiff has failed to provide answers or responses pursuant to the applicable rules.

4.      Defendant has unsuccessfully made a good faith effort to secure the interrogatory responses via correspondence with Plaintiff, a copy of which is attached hereto as Exhibit "B."

5.      Due to Plaintiff's failure to provide interrogatory responses and his act of ignoring Defense counsel's attempt to obtain responses, the Defendant has incurred unnecessary attorney's fees and costs in the preparation and prosecution of this motion. As such, Defendant is entitled to an award of reasonable attorney's fees pursuant to Rule 37, Federal Rules of Civil Procedure.

6.      On May 21, 2013, the Court entered its Final Scheduling Order and Mediation Referral (hereinafter referred to as "Order"), a copy of which is attached hereto as Exhibit "C."

7.      The Order requires that the parties conduct mediation on or before October 22, 2013 or that Plaintiff notify the Court should the parties be unable to agree upon a mediator by September 17, 2013.

8.      Additionally, the Order directs the parties to conduct discovery so that the due date of any discovery requested shall not be later than October 8, 2013. Due to Plaintiff's failure to provide responses to Defendant's Initial Interrogatories, Defendant requires an additional thirty (30) days from receipt of Plaintiff's responses in which to complete discovery.

9.      Defendant has contacted Plaintiff seeking to schedule mediation and suggesting potential mediators pursuant to the Order. However, Plaintiff has not responded to Defendant's correspondence and, as such, the parties have been unable to agree upon a mediator or schedule mediation. A copy of correspondence between Defendant and Plaintiff dated August 30, 2013 is attached hereto as Exhibit "D."

10.      Therefore, Defendant requests that the Court appoint a mediator as outlined in its Order to conduct mediation between the parties at a mutually convenient date and time. Defendant would suggest either Brian Kirkland or Michael Smith to serve as mediator. Additionally, Defendant requests that the Court confirm Plaintiff's responsibility for half of the mediator's fees.

## MEMORANDUM OF LAW

Without leave of court or stipulation, a party may serve on another party as many as 25 written interrogatories. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). If a party fails to answer an interrogatory submitted under Rule 33, any other party may move for an

order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii). If such a motion is granted–or if the requested discovery is provided after such a motion is filed–the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

Pursuant to Local Rule 7.1(A)(1), any motion for extension of time or for a continuance is exempt from the memorandum of law requirement so long as good cause is set forth in the motion.

WHEREFORE, Defendant respectfully requests this Court enter an Order directing Plaintiff to provide complete responses to Defendant's Initial Interrogatories to Plaintiff within five (5) days, enlarging the discovery deadline for an additional thirty (30) days following Defendants' receipt of Plaintiff's interrogatory responses, appointing a mediator to conduct mediation on a mutually convenient date and time, confirming that Plaintiff is responsible for half of any and all fees associated with the mediation of this matter, awarding Defendant their reasonable attorney's fees and costs associated with the preparation and prosecution of this motion, and any additional relief as this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1 (B), I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues presented, but has been unable to do so. Please see Exhibit "C" and "D" attached hereto as evidence of movant's attempts to confer in good faith with Plaintiff resolving the issues herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to GERALD VAUGHN, 4537 Hampton Bay Boulevard, Milton, Florida 32583 and via electronic mail to BRIAN P. HENRY, ESQ., Smith, Rolfes & Skavdahl Co., LPA, Bank of America

- Ellis Building, 1605 Main Street, Suite 1106, Sarasota, Florida 34236, Counsel for 21st Century this 17th day of September, 2013.

/s/ *Brentt E. Palmer*

**MICHAEL T. BILL**, **ESQ.,**
Florida Bar No.: 997722
**BRENTT E. PALMER, ESQ.**
Florida Bar No: 690880
Young, Bill, Roumbos & Boles, P.A.
P.O. Drawer 1070
Pensacola, FL 32591-1070
(850) 432-2222 / 432-1444 - facsimile
mbill@flalawyer.net
bpalmer@flalawyer.net
***Co-Counsel for Defendant, 21st Century***

BEP/RVW/mem/1086.330

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Pensacola Division)**

GERALD VAUGHN,

    Plaintiff,                 CASE NO.:   3:12-cv-00410-MCR-CJK

vs.

21st CENTURY SECURITY
INSURANCE CO. f/k/a NEW
HAMPSHIRE INDEMNITY CO., INC.

    Defendant.

_____/

**DEFENDANT'S NOTICE OF SERVICE OF INITIAL INTERROGATORIES**
**TO PLAINTIFF GERALD VAUGHN**

I HEREBY CERTIFY that the original and one copy of the foregoing Defendant 21st CENTURY SECURITY INSURANCE CO. f/k/a NEW HAMPSHIRE INDEMNITY CO., INC.'S Initial Interrogatories to Plaintiff, GERALD VAUGHN, have been furnished to: GERALD VAUGHN, Plaintiff, 4537 Hampton Bay Blvd., Milton, FL 32583 and BRIAN P. HENRY, ESQ., Co-counsel for 21st Century, SMITH, ROLFES & SKAVDAHL CO., LPA, BANK OF AMERICA - ELLIS BLDG., 1605 MAIN STREET, STE. 1106, SARASOTA, FL 34236 via U.S. Mail, hand delivery, facsimile and/or electronic mail this 14 day of June, 2013.

MICHAEL T. BILL, ESQ.,
Young, Bill, Roumbos & Boles, P.A.
Florida Bar No.: 997722
BRENTT E. PALMER, ESQ.
Florida Bar No. 690880
Post Office Drawer 1070
Pensacola, Florida 32595-1070
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
mbill@flalawyer.net
bpalmer@flalawyer.net
*Co-Counsel for Defendant, 21st Century*

BEP/sdl/1086.330



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

GERALD VAUGHN,

     Plaintiff,                               CASE NO.:   3:12-cv-00410-MCR-CJK

vs.

21ST CENTURY SECURITY
INSURANCE CO. f/k/a NEW
HAMPSHIRE INDEMNITY CO., INC.

     Defendant.

_____/

## DEFENDANT'S INITIAL INTERROGATORIES TO PLAINTIFF

Defendant, 21ST CENTURY SECURITY INSURANCE CO. f/k/a NEW HAMPSHIRE INDEMNITY CO., INC., by and through its undersigned attorney, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Initial Interrogatories to Plaintiff, GERALD VAUGHN, which must be answered in writing and under oath according to the Florida Rules of Civil Procedure within thirty (30) days from the date of service:

    1.     What is the name, address and social security number of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

3.      List all former names and when you were known by those names. State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your social security number and your date of birth, if you are or have ever been married, the names of your spouse or spouses.

4.      What is your place of birth, citizenship or resident status, race, height, weight, color of eyes and hair, and your drivers license number?

        Place of Birth:

        Citizenship or resident status:

        Race:

        Height:

        Weight:

        Color of Eyes:

        Color of Hair:

        Drivers License No.:

5.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

7.      Did you consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the incident described in the complaint? If so, state the type and the amount of alcoholic beverages, drugs or medication which were consumed and when and where you consumed them.

8.      Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

10.     Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

11.    List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.

12.    Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint?  If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

13.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

14.   List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

15.   List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten (10) years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

16.   List the names and addresses of all persons who are witnesses to the accident or to your alleged injuries and specify the extent of the witnesses' knowledge.

17.     State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

18.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

19.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

20.     Please state whether you have been involved in any accident for which you sought

medical treatment for a period of ten (10) years prior to the date of the accident for which suit has

been brought in this case.

21.  Please state whether you have been involved in any accident for which you sought

medical treatment at any time subsequent to the accident for which suit has been brought in this

case.

_____

**GERALD VAUGHN**

STATE OF FLORIDA
COUNTY OF _____

        SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 2013,
by **GERALD VAUGHN**, who is personally known to me or who produced
_____ as identification.

_____

NOTARY PUBLIC

_____

Print Name

# YOUNG, BILL, ROUMBOS & BOLES, P.A.

### ATTORNEYS - AT - LAW

B. RICHARD YOUNG
  Board Certified Civil Trial Lawyer
MICHAEL T. BILL
PETER S. ROUMBOS
B.B. BOLES III
BRENT E. PALMER
  Also admitted in Alabama & Georgia

SEVILLE TOWER, SEVENTH FLOOR
226 SOUTH PALAFOX PLACE
PENSACOLA, FLORIDA 32502
TELEPHONE: (850) 432-2222
FACSIMILE: (850) 432-1444

ONE BISCAYNE TOWER, SUITE 3195
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
TELEPHONE: (305) 222-7720
FACSIMILE: (305) 492-7729

www.flalawyer.net

MEGAN M. HALL
ADAM A. DUKE
JORDAN M. THOMPSON
J. MATTHEW SHOOK
KATINA M. HARDEE
M. JUSTIN LUSKO
MEGAN E. ALEXANDER
AMANDA L. KIDD
  Also admitted in Kentucky
ROBERT V. WHITE
  Also admitted in Alabama
LAUREN A. HARRIS
  Admitted in Texas

REPLY TO: rwhite@flalawyer.net

September 6, 2013

Mr. Gerald Vaughn
4537 Hampton Bay Blvd.
Milton, FL 32583

|       | Re:       | :   |                  |
|-------|-----------|-----|------------------|
|       | **Insured** | :   | **Erika Hess**   |
|       | DOL       | :   | August 9, 2007   |
|       | Claim No. | :   | 07-00308700      |
|       | File No.  | :   | 1086.330         |

Dear Mr. Vaughn:

    As you are aware, our office propounded Defendant's Initial Interrogatories to Plaintiff in the above-styled matter on June 14, 2013. A copy of the aforementioned interrogatories, along with Defendant's Notice of Service of Initial Interrogatories to Plaintiff Gerald Vaughn, is attached hereto for your reference. According to our file, you have failed to serve verified interrogatory answers in the time proscribed by the applicable rules.

    Rule 33, Federal Rules of Civil Procedure, requires the responding party to serve answers and any objections within thirty (30) days after being served with interrogatories. As such, your responses were due on or before Monday, July 15, 2013. Please be advised that, if we are required to seek judicial resolution to secure the outstanding discovery responses, you are subject to sanctions in the form of our reasonable attorneys fees incurred in securing the overdue discovery.

    As such, please serve verified responses to the attached interrogatories on or before Monday, September 16, 2013. Should you fail to do so, our office will file a motion to compel discovery seeking a court order requiring you to comply and to reimburse our reasonable attorney fees. I trust that will not be necessary and look forward to receiving the interrogatory responses. This letter shall constitute our good-faith effort to resolve this discovery issue without court intervention.

    Thank you for your attention to this correspondence.

Sincerely,

ROBERT V. WHITE
For the Firm

RVW/mem
Enclosure as stated



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Pensacola Division)**

GERALD VAUGHN,

     **Plaintiff,**

                               **CASE NO.:   3:12-cv-00410-MCR-CJK**

vs.

21st CENTURY SECURITY
INSURANCE CO. f/k/a NEW
HAMPSHIRE INDEMNITY CO., INC.

     Defendant.

_____/

### DEFENDANT'S NOTICE OF SERVICE OF INITIAL INTERROGATORIES
### TO PLAINTIFF GERALD VAUGHN

     I HEREBY CERTIFY that the original and one copy of the foregoing Defendant 21st CENTURY

SECURITY INSURANCE CO. f/k/a NEW HAMPSHIRE INDEMNITY CO., INC.'S Initial Interrogatories

to Plaintiff, GERALD VAUGHN, have been furnished to: GERALD VAUGHN, Plaintiff, 4537 Hampton

Bay Blvd., Milton, FL 32583 and BRIAN P. HENRY, ESQ., Co-counsel for 21st Century, SMITH, ROLFES

& SKAVDAHL CO., LPA, BANK OF AMERICA - ELLIS BLDG., 1605 MAIN STREET, STE. 1106,

SARASOTA, FL 34236 via U.S. Mail, hand delivery, facsimile and/or electronic mail this 14th day of June,

2013.

                                      _____
                                      **MICHAEL T. BILL, ESQ.,**
                                      Young, Bill, Roumbos & Boles, P.A.
                                      Florida Bar No.: 997722
                                      BRENTT E. PALMER, ESQ.
                                      Florida Bar No. 690880
                                      Post Office Drawer 1070
                                      Pensacola, Florida  32595-1070
                                      Telephone: (850) 432-2222
                                      Facsimile:(850) 432-1444
                                      mbill@flalawyer.net
                                      bpalmer@flalawyer.net
                                      ***Co-Counsel for Defendant, 21st Century***

BEP/sdl 1086.330

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

GERALD VAUGHN,

      Plaintiff,

                                              CASE NO.:  3:12-cv-00410-MCR-CJK

vs.

21ˢᵗ CENTURY SECURITY
INSURANCE CO. f/k/a NEW
HAMPSHIRE INDEMNITY CO., INC.

      Defendant.

_____/

## DEFENDANT'S INITIAL INTERROGATORIES TO PLAINTIFF

Defendant, 21ST CENTURY SECURITY INSURANCE CO. f/k/a NEW HAMPSHIRE INDEMNITY CO., INC., by and through its undersigned attorney, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Initial Interrogatories to Plaintiff, GERALD VAUGHN, which must be answered in writing and under oath according to the Florida Rules of Civil Procedure within thirty (30) days from the date of service:

     1.    What is the name, address and social security number of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have  worked in the past ten (10) years.

3.      List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your social security number and your date of birth, if you are or have ever been married, the names of your spouse or spouses.

4.      What is your place of birth, citizenship or resident status, race, height, weight, color of eyes and hair, and your drivers license number?

Place of Birth:

Citizenship or resident status:

Race:

Height:

Weight:

Color of Eyes:

Color of Hair:

Drivers License No.:

5.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

7.      Did you consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the  incident described in the complaint?  If so, state the type and the amount of alcoholic beverages, drugs or medication which were consumed and when and where you consumed them.

8.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

10.    Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

11.    List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.

12.    Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint?  If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

13.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

14.    List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

15.    List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten (10) years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

16.    List the names and addresses of all persons who are witnesses to the accident or to your alleged injuries and specify the extent of the witnesses' knowledge.

17.    State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

18.    Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

19.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

20.     Please state whether you have been involved in any accident for which you sought medical treatment for a period of ten (10) years prior to the date of the accident for which suit has been brought in this case.

21.   Please state whether you have been involved in any accident for which you sought medical treatment at any time subsequent to the accident for which suit has been brought in this case.

_____
GERALD VAUGHN

STATE OF FLORIDA
COUNTY OF _____

SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 2013, by **GERALD VAUGHN**, who is personally known to me or who produced _____ as identification.

_____
NOTARY PUBLIC

_____
Print Name

*Page 1 of 5*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

GERALD VAUGHN,
     Plaintiff,

v.
                         Case No: 3:12cv410/MCR/CJK

21st CENTURY SECURITY
INSURANCE COMPANY,
     Defendant.

---

## FINAL SCHEDULING ORDER AND
## MEDIATION REFERRAL

The parties have submitted their joint scheduling report (doc. 30).  The joint report requests, *inter alia*, a ten-month extension of the discovery due date, set in the Initial Scheduling Order ("ISO") at July 8, 2013 (doc. 28, p. 1).  Having considered the nature of the case, including the degree of factual complexity inherent thereto and the legal issues expected to arise, the court determines that a ten-month extension of the discovery deadline is excessive.  Instead, the due date of any discovery requested, and the due dates of items keyed to the discovery deadline, shall be extended by approximately **three months,** to such exact dates as are set out below.  Upon consideration of the joint scheduling report, and pursuant to paragraph three of the ISO (doc. 28, pp. 5-6), the court adopts the schedule as set forth below, rejecting in part the parties' request to extend the discovery deadline to May 31, 2014 (doc. 30, p. 3).



Accordingly, it is ORDERED:

1.      The Initial Scheduling Order (doc. 28) remains in full force and effect and will control the matters set forth therein except as follows:

a. The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than **October 8, 2013**.

b. Pursuant to the agreement as reached in the joint scheduling report (doc. 28, p. 4), the number and timing of interrogatories and request for admissions, and the number and length of depositions, shall be governed by the Federal Rules of Civil Procedure or as otherwise mutually agreed to by the parties during discovery.

c. The disclosure required by Federal Rule of Civil Procedure 26(a)(1) shall be provided, without awaiting a discovery request, to all other parties on or before **June 24, 2013**.

d. Pursuant to Federal Rule of Civil Procedure 26(a)(2), disclosure of expert witnesses and their opinions shall be made by the plaintiff on or before **December 10, 2013**, and by the defendant within **thirty (30) days** thereafter.

e. Pursuant to Federal Rule of Civil Procedure 26(e), supplementation of disclosure and responses is due within **fifteen (15) days** of learning of the need for supplementation.

f. Plaintiff shall have until **July 31, 2013**, to join parties or amend the pleadings. Defendant shall do the same within **thirty (30) days** thereafter.

g. The deadline for filing potentially dispositive motions, including motions for summary judgment, is **twenty (20) days** after the close of discovery.

2.  The parties shall mediate this case in accordance with the following procedures:

a. The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties.  If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

b. Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties.  The fee shall be paid in the manner required by the mediator.

c.  The first mediation conference shall commence by not later than fourteen (14) days after the discovery deadline (but may commence at any earlier time).  The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

d.  The following persons MUST attend the mediation conference:

(i)  Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(ii)  All parties.  In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation."  Unless the mediator

directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

       (iii)  If a party is insured, a representative of the insurer having full authority to settle without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation."  Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

       e.  Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

       f.  The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

       g.  The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

       h.  All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement

negotiations.  Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

      i.  This referral to mediation does not automatically toll the time for completion of any other matter in this case.

      j.  The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

      k.  Mediation in this case must be completed on or before a date **thirty (30) days** after the discovery deadline.  The mediator or parties shall file a report within **fourteen (14) days** thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared). If the matter is settled in full, notice to the court shall be immediate.

SO ORDERED this 21st day of May, 2013.

/s/ *Charles J. Kahn, Jr.*

CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

# YOUNG, BILL, ROUMBOS & BOLES, P.A.

### ATTORNEYS - AT - LAW

B. RICHARD YOUNG
 Board Certified Civil Trial Lawyer
MICHAEL T. BILL
PETER S. ROUMBOS
B.B. BOLES III
BRENT E. PALMER
 Also admitted in Alabama & Georgia

SEVILLE TOWER, SEVENTH FLOOR
226 SOUTH PALAFOX PLACE
PENSACOLA, FLORIDA 32502
TELEPHONE: (850) 432-2222
FACSIMILE: (850) 432-1444

ONE BISCAYNE TOWER, SUITE 3195
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
TELEPHONE: (305) 222-7720
FACSIMILE: (305) 492-7729

www.flalawyer.net

MEGAN M. HALL
ADAM A. DUKE
JORDAN M. THOMPSON
J. MATTHEW SHOOK
KATINA M. HARDEE
M. JUSTIN LUSKO
MEGAN E. ALEXANDER
AMANDA L. KIDD
 Also admitted in Kentucky
ROBERT V. WHITE
 Also admitted in Alabama
LAUREN A. HARRIS
 Admitted in Texas

REPLY TO: rwhite@flalawyer.net

August 30, 2013

Mr. Gerald Vaughn
4537 Hampton Bay Blvd.
Milton, FL 32583

|       | Re:      |   |   |
|-------|----------|---|-------------------|
|       | Insured  | : | Erika Hess        |
|       | DOL      | : | August 9, 2007    |
|       | Claim No.| : | 07-00308700       |
|       | File No. | : | 1086.330          |

Dear Mr. Vaughn:

Please be advised that I am assisting Mr. Palmer in defense of the above-styled litigation. As you are aware, the Court is requiring the parties to conduct mediation within fourteen (14) days following the October 8, 2013 discovery deadline. For your reference, I have enclosed a copy of the Final Scheduling Order and Mediation Referral establishing the deadlines in this matter. Due to the foregoing, mediation must be conducted on or before October 22, 2013.

The parties must settle on a mediator to handle the mediation proceeding and reserve their availability on a mutually available date. Our office would recommend either Brian Kirkland or Mike Smith to serve as mediator in this matter. Additionally, we must schedule a date and time to conduct mediation. In order to conduct a fruitful mediation, it is necessary that discovery be completed beforehand. As such, we are looking to conduct mediation in mid-October.

Please provide your dates of availability for the week of October 14 through October 18. As previously expressed to you, correspondence with our office is to be conducted only in writing. You may reply to this correspondence either via regular U.S. mail or to my e-mail address included herein above.

Thank you for your attention to this correspondence.

Sincerely,

ROBERT V. WHITE
For the Firm

RVW/mem
Enclosure as stated



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD VAUGHN,
  Plaintiff,

v.         Case No: 3:12cv410/MCR/CJK

21st CENTURY SECURITY
INSURANCE COMPANY,
  Defendant.

_____

## FINAL SCHEDULING ORDER AND MEDIATION REFERRAL

  The parties have submitted their joint scheduling report (doc. 30). The joint report requests, *inter alia*, a ten-month extension of the discovery due date, set in the Initial Scheduling Order ("ISO") at July 8, 2013 (doc. 28, p. 1). Having considered the nature of the case, including the degree of factual complexity inherent thereto and the legal issues expected to arise, the court determines that a ten-month extension of the discovery deadline is excessive. Instead, the due date of any discovery requested, and the due dates of items keyed to the discovery deadline, shall be extended by approximately **three months**, to such exact dates as are set out below. Upon consideration of the joint scheduling report, and pursuant to paragraph three of the ISO (doc. 28, pp. 5-6), the court adopts the schedule as set forth below, rejecting in part the parties' request to extend the discovery deadline to May 31, 2014 (doc. 30, p. 3).

Accordingly, it is ORDERED:

1.     The Initial Scheduling Order (doc. 28) remains in full force and effect and will control the matters set forth therein except as follows:

      a. The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than **October 8, 2013**.

      b. Pursuant to the agreement as reached in the joint scheduling report (doc. 28, p. 4), the number and timing of interrogatories and request for admissions, and the number and length of depositions, shall be governed by the Federal Rules of Civil Procedure or as otherwise mutually agreed to by the parties during discovery.

      c. The disclosure required by Federal Rule of Civil Procedure 26(a)(1) shall be provided, without awaiting a discovery request, to all other parties on or before **June 24, 2013**.

      d. Pursuant to Federal Rule of Civil Procedure 26(a)(2), disclosure of expert witnesses and their opinions shall be made by the plaintiff on or before **December 10, 2013**, and by the defendant within **thirty (30) days** thereafter.

      e. Pursuant to Federal Rule of Civil Procedure 26(e), supplementation of disclosure and responses is due within **fifteen (15) days** of learning of the need for supplementation.

      f. Plaintiff shall have until **July 31, 2013**, to join parties or amend the pleadings. Defendant shall do the same within **thirty (30) days** thereafter.

      g. The deadline for filing potentially dispositive motions, including motions for summary judgment, is **twenty (20) days** after the close of discovery.

2.  The parties shall mediate this case in accordance with the following procedures:

a. The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties.  If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

b. Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties.  The fee shall be paid in the manner required by the mediator.

c. The first mediation conference shall commence by not later than fourteen (14) days after the discovery deadline (but may commence at any earlier time).  The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

d. The following persons MUST attend the mediation conference:

(i) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(ii) All parties.  In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation."  Unless the mediator

directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

(iii)  If a party is insured, a representative of the insurer having full authority to settle without further consultation.  In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

e.  Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

f.  The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

g.  The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

h.  All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement

negotiations.  Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

i.  This referral to mediation does not automatically toll the time for completion of any other matter in this case.

j.  The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

k.  Mediation in this case must be completed on or before a date **thirty (30) days** after the discovery deadline.  The mediator or parties shall file a report within **fourteen (14) days** thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

SO ORDERED this 21st day of May, 2013.

/s/ Charles J. Kahn, Jr.
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE